IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff/Respondent, | § § | |
| V. | § § | CR. No. C-12-cr-852-1 (CA. No. C-14-82) |
| MARCOS HELIODORO TORALES-SANCHEZ, | § § § | |
| Defendant/Movant. | § § | |

## ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT JUDGMENT

Pending before the Court is Marcos Heliodoro Torales-Sanchez' (Torales-Sanchez) motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. (D.E. 42). The motion will be dismissed.

A criminal defendant is not entitled to consideration of the merits of his § 2255 motion while his direct appeal is still pending. *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972); *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds, United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot").

Torales-Sanchez' motion to vacate, set aside or correct sentence was prematurely filed. Once his direct appeal is concluded, he may file a motion to vacate, correct or set

aside pursuant to 28 U.S.C. § 2255. Such motion will be timely if he complies with the requirements of § 2255(f).[1]

Torales-Sanchez' § 2255 motion (D.E. 42) is DISMISSED without prejudice.

ORDERED this _____ day of 4/2/14 , 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] Limitations for filing a § 2255 motion are,

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*