UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-852-1 |
| | § | CRIMINAL ACTION NO. 2:13-CR-33 |
| MARCOS HELIODORO TORALES-SANCHEZ | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, DENYING MOTION FOR EVIDENTIARY HEARING, AND <u>DENYING CERTIFICATE OF APPEALABILITY</u>**

Marcos Heliodoro Torales-Sanchez (Torales-Sanchez) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a memorandum in support in each of his criminal cases—illegal reentry (Cause No. 2:12-CR-852) and revocation of his supervised release (Cause No. 2:13-CR-33). D.E. 49, 50.[1] He also filed a motion for an evidentiary hearing. D.E. 53. The United States ("the Government") responded and moved for summary judgment in both cases. D.E. 54. Torales-Sanchez did not respond. For the reasons stated herein, the Court denies Torales-Sanchez's motion to vacate, set aside, or correct sentence, denies his request for an evidentiary hearing, and denies him a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

**II. FACTUAL BACKGROUND AND PROCEEDINGS**

Torales-Sanchez was indicted for illegal reentry in violation of 8 U.S.C. §§

---

[1]. Docket Entry references are to the criminal case, 2:12-CR-852, unless otherwise noted.

1326(a) and 1326(b) and arraigned the following week. D.E. 7, Minute Entry October 30, 2012. Torales-Sanchez entered into a plea agreement with the Government and was rearraigned before a federal magistrate judge. D.E. 16, 17, 18. During rearraignment, Torales-Sanchez acknowledged that he had the indictment, which was read to him in Spanish, and that he understood the charge and had discussed it with his attorney. D.E. 34, pp. 6, 8, 12, 17. Torales-Sanchez also identified the plea agreement he signed and testified that it was read to him in Spanish and that he discussed it with his attorney before he signed it. *Id*., pp. 22. The magistrate reviewed the waiver of his right to appeal and/or collaterally attack his conviction and sentence. Torales-Sanchez testified that he understood his rights and his waiver, and that he and his attorney had gone over the waivers before he signed the plea agreement.[2] *Id*., p. 24.

The magistrate advised Torales-Sanchez of the maximum punishment of 20 years, followed by supervised release of up to three years, a fine of up to $250,000, and a

---

[2].
```
 3 THE COURT: Also, at Paragraph 7 of this Plea
 4 Agreement, you've waived your right to an appeal. Did you and
 5 your attorney go over this provision carefully together in
 6 Spanish?
 7 DEFENDANT TORALES-SANCHEZ: Yes, your Honor.
 8 THE COURT: I want to explain to you that you
 9 basically have two types of appeal rights in this case. You
10 have the right, after your conviction and sentence, to appeal
11 to a higher court. And you also have the right, after your
12 conviction and your appeal, to file a petition challenging your
13 conviction. Do you understand that you have these rights, sir?
14 DEFENDANT TORALES-SANCHEZ: Yes, your Honor.
15 THE COURT: And do you understand that by signing
16 this Plea Agreement, you're giving up both of those rights?
17 You're giving up the right to appeal to a higher court and
18 you're giving up the right after your conviction and appeal to
19 file a petition later on challenging your conviction. Do you
20 understand that, sir?
21 DEFENDANT TORALES-SANCHEZ: Yes, your Honor.
```
*Id*.

special assessment of $100. *Id.*, pp. 17-18. Torales-Sanchez testified that he understood the maximum punishment. *Id.*, p. 18. He was generally warned that his guideline punishment range would be based upon the present offense and his criminal history using the Sentencing Guidelines. *Id.*, pp. 20-21. He testified that he understood. *Id.*, p. 21. Torales-Sanchez testified that his decision to plead guilty was voluntary and that he had not been promised leniency or forced to plead guilty. *Id*. The Government outlined the facts it relied upon to charge Torales-Sanchez with illegal reentry. He agreed with the recitation. *Id.*, pp. 31-33. This Court accepted the magistrate's Findings and Recommendation on Plea of Guilty. D.E. 16, 20.

The Probation Department calculated Torales-Sanchez's offense level and criminal history points in the Presentence Investigation Report (PSR). D.E. 22. Illegal reentry carries a base offense level of 8, but Torales-Sanchez's 2008 conviction for drug trafficking added 16 points to his base offense pursuant to § 2L1.2(b)(1)(A)(i) of the sentencing guidelines. *Id.*, ¶ 12. After credit for acceptance of responsibility, his total offense level was 21. *Id.*, ¶¶ 17-20. Torales-Sanchez's criminal history points totaled five, resulting in application of criminal history category III. *Id.*, ¶¶ 27-30. His guideline imprisonment range was 46-57 months. *Id.*, ¶ 44.

In January 2013, a Petition for Warrant or Summons for Offender under Supervision was issued for Torales-Sanchez in Cause No. 2:13-CR-33, his aforementioned 2008 drug trafficking offense. D.E. 2 (Cause No. 2:13-CR-33). Counsel was appointed. D.E. 4 (Cause No. 2: 13-CR-33). The final hearing on revocation of Torales-Sanchez's supervised release in Cause No. 2:13-CR-33 was scheduled for the

same date as his sentencing for illegal reentry.

At sentencing, Torales-Sanchez testified that he had had his PSR for 35 days and that counsel read it to him and discussed it with him in Spanish. D.E. 35, p. 4. Defense counsel argued for a downward variance, explaining that the guidelines overstated Torales-Sanchez's danger to the community, he had family in the United States, and he lived here from ages 12 to 17 before his conviction for drug trafficking. The Government recommended a 46-month sentence. The Court granted a variance on the grounds of cultural assimilation and sentenced Torales-Sanchez to 30 months in the Bureau of Prisons and ordered payment of a special assessment of $100. *Id*., p. 9. The Court reminded Torales-Sanchez that he waived his right to appeal. *Id*.

After sentencing Torales-Sanchez for illegal reentry, the Court considered revocation of his supervised release in Cause No. 2:13-CR-33. D.E. 35. The guideline range for the violation of his supervised release was 4 to 10 months. Defense counsel argued that Torales-Sanchez's revocation sentence should run concurrently with his illegal reentry sentence. *Id*., p. 13. The Government did not object, but urged that the Court sentence consecutively because there were two separate offenses. *Id*., p. 14. The Court imposed a 6-month sentence of imprisonment to run consecutively to the sentence in Cause No. 2:12-CR-852. *Id*. Judgment was entered on March 8, 2013. D.E. 7.

Torales-Sanchez timely appealed his conviction for illegal reentry, but the Fifth Circuit dismissed the appeal as frivolous. *United States v. Torales-Sanchez*, No. 13-40295 (5th Cir. July 8, 2014) (per curiam) (designated unpublished). While Torales-

Sanchez's appeal was pending, he filed a § 2255 motion in his illegal reentry case.[3] The Court dismissed the motion without prejudice on the grounds that it was premature. D.E. 43, 44. After conclusion of his appeal, Torales-Sanchez filed the present motion.

### III. MOVANT'S ALLEGATIONS

Torales-Sanchez raises the same claims of ineffective assistance of counsel in both cases: 1) counsel failed to urge that his sentences for illegal reentry and revocation of his supervised release could run concurrently because the Government failed to object; 2) counsel failed to request fast track treatment; and 3) counsel failed to recognize and object to deportation as a condition of supervised release. The Government argues that Torales-Sanchez's claims are barred by his waiver of the right to appeal or to collaterally attack his sentence in Cause No. 2:12-CR-852.

### IV. ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and

---

[3]. Although Torales-Sanchez complained that his sentences in the two should have run concurrently, his motion to vacate referenced only Cause No. 2:12-CR-852.

would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## B.     Enforcement of Waiver

Torales-Sanchez's motion did not address his waiver of the right to collaterally attack his sentence based upon his plea agreement. The burden to demonstrate that his plea and waiver should not be enforced is on Torales-Sanchez.

Claims of ineffective assistance do not automatically relieve a defendant of his waivers of appeal and § 2255 post-conviction proceedings. *See United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (An ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself."). In *White*, the Court held that defendants were permitted to waive their right to pursue claims of ineffective assistance as part of a plea agreement if they wish to do so. *Id*. at 343. Although Torales-Sanchez argues that counsel was ineffective, his claims are focused on sentencing issues.

As set forth above, Torales-Sanchez was questioned at rearraignment regarding his understanding of the charges against him and informed of the maximum punishment, and swore he was not promised leniency for his plea or forced to plead guilty. He was also questioned regarding the plea agreement and his waiver of his right to appeal and/or file a § 2255 motion. He testified he understood the plea agreement and understood that he was waiving these rights.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a

strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002); *see also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea); *United States v. Maldonado-Rodriguez*, 64 F.3d 719, 733 (1st Cir. 1995) (giving credence to defendant's representations at plea hearing that he had not been pressured).

Torales-Sanchez's testimony that he understood he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motion is all that is required for his waiver to be enforceable. *See Wilkes*, 20 F.3d at 653 ("[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary."). The Court finds that Torales-Sanchez's plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable. *Id*. His claims fall within the scope of his waiver and are barred from consideration.

C.   **Motion for Evidentiary Hearing**

Torales-Sanchez also filed a motion seeking an evidentiary hearing, wherein he argues that because his motion has not yet been dismissed, he is entitled to a hearing. D.E. 53. Torales-Sanchez's motion does not raise fact questions that cannot be resolved on the basis of the record before this Court. No hearing is necessary. *See* Rule 8(a), § 2255 Rules.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Torales-Sanchez has not yet filed a notice of

appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Torales-Sanchez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 54) is **GRANTED**, Torales-Sanchez's motion for evidentiary hearing (D.E. 53) is **DENIED**, his § 2255 motion (D.E. 49) is **DENIED**, and he is **DENIED** a Certificate of Appealability.

ORDERED this 23rd day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE